## TESTA v STATE

Ohio Appeals, 7th Dist., Mahoning Co
Decided Oct 11, 1929

Ambrose, Wall & Bence, Youngstown, for Testa.

R. L. Thomas, Prosecuting Attorney, Youngstown, for State.

**FARR, J.**

At the inception of the hearing before the Justice of the Peace, counsel for the accused made the following statement:

"Have the record show the following objections to the proceedings before this court presiding or in anywise attempting to preside over the trial of this defendant, for the reason and upon the following grounds:

1. That Charles W. Martin is a justice of the peace and defendant objects to his jurisdiction.

2. Said Charles W. Martin, as squire, is further objected to by the defendant on the ground that he is financially interested in this prosecution.

3. That notwithstanding the provisions of the statute under the authority of the case of State v. Tari, defendant now objects to the jurisdiction of the justice and demands that he be discharged."

It becomes readily apparent that the objection to the judgment in this case is based largely upon the Tari decision. It is provided **1448 GC** that:

"A justice of the peace, mayor or police judge shall have final jurisdiction within his county in a prosecution for violation of any provision of the laws relating to the protection, preservation or propagation of birds, fish, game, etc."

It is also provided in **1452 GC** that regardless of whether the accused is acquitted or convicted, that the costs must be certified by the justice of the peace to the County Auditor, who in turn certifies the amount to the County Treasurer, who pays the same. The amount is then certified to the Secretary of Agriculture, who makes a certificate to the Auditor of State, where a voucher is drawn for the payment of costs in such cause.

It becomes clear that the Justice of the Peace has no financial interest in the outcome of the trial, for the reason that in any event, whether the accused is convicted or acquitted and discharged, he receives his fees, and for such reason the principle announced in the Tari case does not apply, and it was so held by the Attorney General of Ohio in opinion 204 of the 1927 Opinions of the Attorney General of Ohio, 342.

Further discussion is not necessary or profitable, since this is the only issue in the cause. For the reason given the judgment of the court below is affirmed.

Pollock and Roberts, JJ. concur.